## LEWIS VS. FAUL.

ATTACHMENT: *Judgment by default against a garnishee.*
   It is error to render judgment by default against a garnishee, without proof, or on examination of him.

APPEAL from *Pulaski* Circuit Court.
Hon. JOHN WHYTOCK, Circuit Judge.
*Yonley & Whipple* for appellant.

WILLIAMS, Sp. J.   Appellee brought suit in the Pulaski circuit court by attachment against W. B. Ragland, wherein

Lewis vs. Faul.

appellant and one Lewis, who was not served with process were summoned as garnishees, being named as such in the writ. Appellant and Ragland were served with process. Judgment was rendered against Ragland in the principal case, and judgment by default was rendered against appellee for the full amount of the principal judgment, without answer, compulsory process to compel a discovery, or proof of the amount he owed Ragland, or that he owed him any thing. The record states that he failed to appear, or answer, and for that reason, proceeds to judgment against him. This was the practice before the code was adopted. But this suit was instituted after the code went into effect, and wherever it established a rule of practice in the courts, it was not cumulative, but exclusive, by its express provisions. Therefore we must look to the civil code for the rules to guide us to our conclusions. Sec. 220, civil code, provided the mode of service on a garnishment; sec. 245 provided for the manner of appearance; sec. 246 provided for the examination of the garnishee; sec. 247 provided for compulsory process to compel the garnishee to appear and answer, and on default, provided that proof should be taken of any debt, or property owing, or held by the garnishee for the defendant, and authorized the court to make such orders in relation thereto, as if what is so proved had appeared on the examination of the garnishee; sec. 248 provided, that the plaintiff, if not satisfied with the answer of the garnishee, might contest it in the mode pointed out, *i. e.*, by filing a complaint and issuing a summons against the garnishee. The remedy by attachment, and garnishment in connection therewith, to subject the property and credits of a debtor, wherein the defendant, at least temporarily, is deprived of the possession and control of his property upon the *ex parte* statement of plaintiff and without trial, is at best, an extraordinary and harsh remedy, in derogation of the common law, dependent

upon positive legislation for its existence, and he who invokes it must follow the law, at least in substance.

Appellant at the time he was served, on reading the code, had a right, even if he owed nothing, to presume that nothing would be proved against him ; and if plaintiff desired to examine him, he would take the steps to do it as directed by the code. There was nothing in the code to lead him to believe .that this judgment would be rendered without answer, examination, or proof, or that he would be made liable for another man's debts.

Finding error in the proceeding of the Pulaski circuit court. in thus rendering judgment by default, against appellant, the same is reversed, and the case is remanded to said court with instructions to proceed therein as the law directs.

Hon. E. H. ENGLISH, C. J., did not sit in this case.