ANTONE de FRAG *vs.* MARY ADAMS, Executrix.

APPEAL FROM POLICE JUSTICE OF HONOLULU.

OCTOBER TERM, 1886.

JUDD, C. J.; McCULLY and PRESTON, JJ.

Under the the Garnishee Act, Compiled Laws, pp. 279, 280, a petition to any Court to issue a garnishee summons must be in writing and contain a specific request for garnishee process. *McCully J., dissenting* on this point.

The common law rule as to an Executor *de son tort* does not apply here. A widow held not to be liable on a note made by the husband, the creditor having failed to comply with the statutory requirements as to claims against estates of deceased persons.

Judgment of Police Court affirmed.

OPINION OF THE COURT, BY JUDD, C. J.

THE plaintiff appealed, on points of law, from a judgment of the Police Justice of Honolulu, sustaining a demurrer to the complaint.

The plaintiff presented to the Police Justice a written complaint in assumpsit on a promissory note of Wm. Adams, containing a prayer for judgment, but not containing a request to the Court to insert in the process a direction to the officer to leave a copy of the process with the garnishee and to summon him to appear and disclose on oath whether he had property of the defendant in his hands or was indebted to her, etc.

This is required by Sec. 1 of the Act to consolidate and amend

the law relating to the garnishee process. Compiled Laws, pp. 279 and 280.

But the Police Justice issued the writ in the ordinary form and the garnishee appeared.

The first question raised is whether the complaint is sufficient to warrant the issuing of the process. We think not.

The argument is made that as the law, Sec. 921 of the Civil Code, allows the District Justice "to cite parties by oral message or in writing," and these justices are not confined to forms, the garnishee process from a District Court need not be in writing and *a fortiori* the request for such process need not be in writing. But Police Courts cannot cite by oral message ; they are required to issue summons.

See Sec. 894 and 895, Civil Code.

And we are of the opinion that the Garnishee Act requires a written petition when the power of any Court is invoked to issue the garnishee process. Sec. 13 of the Garnishee Act prescribes that "the provisions of this Act and the powers conferred therein shall extend to all the Common Law Courts of this Kingdom, according to their jurisdiction as at present or in future arranged."

This Act gives a special remedy to suitors, and this Sec. 13, being subsequently enacted to the general law defining the duties of the District and Police Courts, imposes, we consider, a limitation upon them in this respect.

Whatever Court may be invoked to issue this peculiar statutory process, be the same a Court of record or a Court not of record, the request must be made in the method indicated in the Act itself, that is, by inserting in the petition for process a request that a summons to the garnishee may issue.

In the Court's notes of record the petition for process need not be separately made, but it may be incorporated in the statement of claim in the body of the summons, as is now the usual practice we believe. We are strengthened in our view by Sec. 14 of the Act which requires that Sec. 11 shall be printed or written conspicuously on every summons issuing out of any Court of this Kingdom which may be intended to be served on any alleged attorney, factor, trustee or debtor of a defendant in any suit. In the case

at bar the plaintiff filed a written petition and the summons required the defendant to answer the demand of plaintiff "as per declaration attached hereto and made a part hereof."

This declaration, as we have seen, contained no prayer for process against the garnishee, and such process should not have issued.

The next question is whether our law recognizes the principle that a person intermeddling with the estate of a deceased is responsible for the debts as an executor *de son tort.* There is nothing in the complaint to show that defendant, Mary Adams, acted as executrix in her own wrong, and the note which is sued upon was executed by William Adams, deceased. The laws of this country protect an administrator or executor from suit until certain formalities are complied with, which are, substantially, that the claim must be presented to the administrator for allowance before the six months notice to creditors has expired, and suit must be brought on the claim within two months after rejection. Compliance with these requirements must appear in the complaint.

But counsel for plaintiff say that as these conditions do not exist in this case, they could not be alleged, and that for the protection of creditors the Court should hold that a person intermeddling with an estate should be liable to creditors.

The statutes of this country allow a creditor of a deceased person to apply for administration.

The creditor has it always in his power, by this method, to protect himself, and to obtain possession of the assets and to prevent any improper meddling with or wasting of the estate, and it seems to us that with this simple remedy accessible to the creditor, it would be unwise to adopt the rule of the common law, that the act of a person in taking possession of assets and paying or releasing debts, etc., of a deceased's estate would render him liable as executor *de son tort..*

Other points raised we consider unnecessary to decide.

The judgment of the Police Court is sustained with costs.

*J. A. Magoon,* for plaintiff.

*W. Austin Whiting,* for defendant.

Honolulu, October 28, 1886.

PARTIALLY-DISSENTING OPINION OF MR. JUSTICE McCULLY.

I agree with the conclusion of the Court, and with its views respecting the adoption of the doctrine of executor *de son tort*, but I must very respectfully express my dissent from the view that there must be a written petition to a Police or District Justice before a garnishee summons can be issued.

The garnishee statute provides, in the first Section of it, that when debts are due from any person to a debtor, any creditor may bring his action against such debtor, "and in his petition for process may request the Court to insert therein" a citation to the garnishee. Section 13 extends the provisions and powers of the Act to all the Common Law Courts of the Kingdom according to their jurisdiction.

Police Justices, when applied to, and tendered the costs of process, issue summons to civil defendants within their jurisdiction. Sec. 894. It has always been understood, and rightly I think, that the application may be oral, and it generally is so. An attorney or party taking out a summons is expected to fill out his own summons if the case requires particular statement. The Justice signs and issues it. The observations and the argument respecting the difference between the authority of a District Justice who may "cite parties by oral message or in writing," (Sec. 921), and of a Police Justice who "issues summons," *i. e.*, printed or printed citations only, do not appear to me to be relevant, for, so far as the provisions of the Code are concerned, they make a distinction only in the method of the summons and not of the application for summons which is not required to be other than oral in either case.

The provisions of Sec. 897 emphasize the construction that Sec. 894, above cited, does not require a written petition. Sec. 897 provides that when the plaintiff claims that the debt is fraudulent or that payment is being fraudulently evaded, he may make a sworn complaint in writing, and thus obtain a summons with attachment; and we shall find that wherever it is necessary to present a written petition for a summons, it is expressly so provided in the statute, and also that oath must be made thereto, and this written and sworn complaint becomes a part of the summons, being annexed to it, and being thereafter subject to all the rules of

pleading; see Sections 1099, 1101, 1102, 1116, 1117, 1118, 1119, 1120.

In my view the phrase, " and in his petition for process ", should not be construed as amending or modifying the provisions for obtaining a process with garnishee summons from a Police or District Court. The powers of this Act are granted to these Courts " according to their jurisdiction." The word " jurisdiction," I think applies to the authority for issuing a summons on oral application. " His petition" may mean his oral petition, or application. If it had been intended to prescribe a written petition in Courts where it had not been required in similar cases, I think it should and would have been explicitly so expressed, and not left to depend on this slight collateral expression.