L. B. KERR *vs.* E. E. MAYHEW and L. ASEU, Garnishee.

Appeal from Refusal to Vacate Judgment and Execution against the Garnishee, of Preston, J.

April Term, 1887.

Judd, C.J., McCully, Preston and Bickerton, JJ. Fornander, J., absent.

One who is served with process as a garnishee, at his peril neglects to appear and discharge himself in the mode prescribed by statute.

The reasons offered setting aside default in this case were insufficient. Order sustained.

Opinion of the Court, by McCully, J.

The Court is asked to review and set aside the judgment of default against the garnishee for failure to appear and answer.

The facts in the case and the affidavits made for and against are set forth fully and at large in the opinion given by Mr. Justice Preston in refusing the motion to set aside the default, and we refer to it.

Whatever reasons may justify setting aside a default in any case, we are clearly of opinion that none exist in this case. It will not do to permit the understandings and misunderstandings said to have prevailed, to set aside the plain course of the statute. There could never be certainty of securing the advantage of garnishee, if a party garnisheed could be relieved by such statements as are made in this case. The law carefully provides for the discharge of a person served with this peremptory process. If he does not choose to avail himself of the provision in his favor, he must take the consequence.

The statute cannot be invalidated by parties pleasing to neglect the prescribed action.

The judgment of the Court below is affirmed.

*L. A. Thurston*, for plaintiff.

*Ashford & Ashford*, for L. Aseu, garnishee.

OPINION OF PRESTON, J., APPEALED FROM.

The plaintiff in this case claims $475 for work done and materials supplied.

The suit was commenced on the 27th August, 1886, against the defendant Mayhew and L. Aseu, as garnishee, and the summons was served on both parties the same day.

The case was placed on the calendar for trial at the last October Term, and on the 30th of that month an agreement was signed by the attorneys for the plaintiff and defendant to waive a trial by jury, and that the case might be heard by the presiding Justice (myself) in vacation.

The case came on for hearing before me on the 22d December, when the defendant submitted to a judgment for $298 and costs.

The plaintiff then moved for judgment against the garnishee, who had not answered to the summons, which judgment was granted and execution issued in due course.

On the 24th December, an application was filed on behalf of the garnishee, that the judgment be vacated as against him, and that he be allowed to answer, and for a stay of execution.

The motion was heard by me on the 30th of December, and was supported by the affidavits of V. V. Ashford, (one of the solicitors for the garnishee), and of the garnishee himself.

The affidavit of Mr. Ashford is to the effect that the firm of Ashford & Ashford were the attorneys of the garnishee L. Aseu, but not with specific instructions as to this cause. That during the said October Term, while in attendance at Court for the purpose of having cases, in which Ashford & Ashford were interested, set for trial, and having been informed by their clerk, (a nephew of said Aseu), that said Aseu was a garnishee defendant in this case, deponent was told by L. A. Thurston, the attorney on record for the plaintiff, that the case had been settled out of Court by the principal defendant, in answer to deponent's question as to when the case could be called, whereupon deponent informed said Aseu in conversation that the claim had been settled out of Court, and there would be no more about it, and deponent took no further move in the matter.

Mr. Aseu deposes that on being served with the summons, he put the same among other papers to be handed to his attorneys, and supposed that it was with such papers which were subsequently handed to his attorneys, but that he believes said summons was mislaid by him, and that his previous impression and the fact of his conversation with Mr. V. V. Ashford led him to believe that no further responsibility rested upon him.

That during the fore part of the October Term, he was informed by said Ashford that the plaintiff's attorney had told him the suit was settled. The deponent denies that he had at the date of the service of the summons any property of the defendant in his possession, or that he was indebted to him in any amount.

The plaintiff, in opposition to the motion, filed an affidavit by Mr. Thurston, his attorney, wherein he deposes that he stated to the Court, upon a call of the calendar, that defendant was making overtures for a settlement and that the case would probably be settled out of Court. That he had no recollection of any conversation with Mr. Ashford, and did not know that he was attorney for Aseu until the filing of the motion. That prior to the commencement of the suit, he asked Aseu if the defendant had a contract for building Aseu's store, to which Aseu replied in the affirmative; that deponent explained the nature of plaintiff's claim, and that Aseu said he would assist so far as he could to collect same, and that a considerable portion of the amount named in the contract remained unpaid, and that if garnisheed he would hold the money; and that, on the 26th of August, Aseu again assured deponent that a garnishee would hold funds in his hands due said Mayhew. That he was going to make a payment to said Mayhew on Saturday, and if he was served with a garnishee process before that date, he would not make the payment but hold the money. That after service of process, Aseu came to the deponent several times and asked if he could pay laborers who were working on said building; that deponent declined to advise said Aseu in the matter, on the

ground that he was acting for plaintiff; that Aseu asked for advice in other respects concerning what course he should take, but deponent did not advise him in the matter; that about the beginning of the October Term, defendant Mayhew made a tender to the plaintiff of a certain sum claimed by him to be due to plaintiff; that plaintiff declined to receive same, and that after such tender and refusal deponent informed said Aseu of such tender and refusal, and upon several occasions told him said case had not been settled, and that since the motion was filed said Aseu had informed deponent that he had paid laborers for work done under said contract from moneys due Mayhew, and also certain sums to other parties for materials.

### By the Court.

The garnishee could have gone before a Judge at any time after being served with the summons, or he could have waited and appeared before the Court at the term, and I cannot understand why he did not do so. If persons who are properly served with process do not appear according to its exigency, they have no body but themselves to blame. The applicant was served more than six weeks before the commencement of the term, and had ample opportunities to discharge himself from liability, and it is too late now, after judgment has been given against him, to seek to set it aside on any such grounds as are relied upon.

Even supposing it to be true, as testified by Aseu, that he had settled with Mayhew before being served with the writ, I do not think that in face of the affidavit by the plaintiff's attorney, and that Aseu had not in fact taken any steps or instructed any solicitor to appear for him in the matter, I should be justified in vacating the judgment entered.

Parties served with process must know that it means something, and they have no right to put it aside and trust to the Court allowing them indulgence.

I must refuse the motion with costs.