## J. M. VIVAS *v.* MELE AKONI.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 3, 1902.  DECIDED MARCH 19, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Under the circumstances stated in the opinion, the refusal to vacate a
judgment obtained by default and to set aside the execution issued
thereon held to be an abuse of discretion.

OPINION OF THE COURT BY PERRY, J.

The exception in this case is to a ruling of the Circuit Court
denying defendant's motion to vacate the judgment rendered
against her in that court and to set aside execution. The material
facts, which are undisputed, are as follows: The action, being
of assumpsit for $30 for professional services rendered by the
plaintiff for the defendant at her request in drawing certain
leases, was instituted in the District Court of Honolulu on
October 28, 1898. On the 7th of November following, the de-
fendant appearing in person, trial was had before the magistrate,
and judgment rendered for the defendant, and on the same day
the plaintiff noted and thereafter, within the time prescribed by
law, perfected an appeal to the First Judge of the Circuit Court
of the First Circuit. It was not, however, until August 2, 1901,
that the magistrate's certificate, dated June 19, 1901, and the
record were transmitted to the Circuit Court. The latter court,
without the intervention of a jury, heard the case on October
18, 1901, and rendered judgment for the plaintiff for the amount
claimed. There was no appearance of or for the defendant at

this hearing, nor did she have any notice or knowledge that the trial would take place at that time. Execution was issued on the 30th day of the same month and on the 16th of November following the defendant moved to vacate the judgment and set aside the execution and in support of the motion filed an affidavit setting forth the fact that she had had no notice or knowledge of the trial in the Circuit Court, and also the further facts that she had had no notice or knowledge of the filing or perfecting of an appeal from the judgment in the District Court, that the first intimation she had of the trial in the Circuit Court was on November 7, 1901, when the execution was served on her and that she "has a good defense to said action inasmuch as she never directly or indirectly employed the said plaintiff to perform the services for her as alleged or any services and that she does not owe him the amount claimed in said action or any amount."

Whether an application for the vacation of a judgment is to be granted or refused, is a matter resting largely in the legal discretion of the trial court. Each case is to be determined in view of its own particular circumstances. The ruling of the trial court may, however, be reversed where there has been an abuse of discretion. Under the circumstances of this case, we think that justice required the vacation of the judgment and that it was an abuse of discretion to deny the motion. The failure to notify defendant of the taking of an appeal from the District Court, we deem of no avail to her now, for such notice was not required by any statute or rule nor was it even customarily given; it was open to defendant to ascertain the facts by inquiry at the proper place. Without fault, however, on the part of either the defendant or the plaintiff, the case had been delayed for nearly three years by reason of the magistrate's failure to certify up the record. That after this long delay the hearing was had without notice to the defendant and, so far as appears from the record, without any attempt to give her such notice, was not in conformity with the requirements of justice. To sustain such a course would be to permit a plaintiff to have an unfair advantage over the defendant, although in the case at bar

the record does not show that the plaintiff *intended* any such advantage.

The exception is sustained and the case remanded to the Circuit Court with directions to vacate the judgment and set aside the execution and for such further proceedings as may be proper.

Plaintiff in person.

*Robertson & Wilder* for defendant.