# THE BANK OF HAWAII, LIMITED, *v.* W. C. PARKE.

### ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 9, 1904.                 DECIDED MAY 23, 1904.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

Under the statute, an order of default cannot properly be entered against a garnishee for failure to appear and answer at the opening day of the term to which the summons is returnable. No written answer is required of the garnishee. He may appear and make his disclosure orally under oath at the trial or at any time before the trial.

Such order of default should be set aside on the garnishee's motion made between the first and second days of the trial, and a final default judgment against the garnishee should not be entered for his failure to appear and offer to disclose while that order remained unreversed.

#### OPINION OF THE COURT BY FREAR, C.J.

The object of this writ is to obtain relief from a judgment of default against The Bank of Hawaii, Ltd., as garnishee, in an action brought by W. C. Parke against another. That action was begun June 5, 1903, and service was made on the same day upon the defendant therein and the garnishee. The summons was for August 3, the first day of the August Term under the then existing statutes. On August 1, a new act took effect changing the commencement of the term to September 7. On October 9, on plaintiff's motion, an order of default was entered against the garnishee as follows: "It appearing to this court that the garnishee The Bank of Hawaii, Ltd., has been regularly

served with summons herein and has failed to appear or to answer plaintiff's complaint and that the legal time for appearing and for answering said complaint has expired, it is ordered and adjudged that the garnishee The Bank of Hawaii, Ltd., is in default and is charged as garnishee with the amount of such judgment and costs as plaintiff may recover of the principal defendant John W. Cathcart as its own proper debt." On November 27 trial between the plaintiff and defendant was begun before a jury, resulting in a verdict against the defendant for $556.10 on November 30, to which day the case was continued from November 27. The garnishee filed a motion, dated November 30, marked filed November 30, but recited in the bill of exceptions as filed November 28, to set aside the order of default, which motion was set for hearing on November 30, a half hour before the trial was to proceed. On that day an amendment to the motion was filed and, at plaintiff's request, the hearing of the motion was continued until December 1. On the same day a stipulation between the plaintiff and the garnishee was filed continuing the hearing until December 3. The hearing was had on December 4, when, after being further amended, the motion was denied. On December 8, judgment was entered against both the defendant and the garnishee.

It is assigned as error that the trial judge or court erred: (1) in making the order of default; (2) in denying the motion to set aside the order; and (3) in entering judgment against the garnishee.

If the order of default were legally made and the only question were whether the judge abused his discretion in refusing to set it aside, it may be that we could not reverse his ruling under all the circumstances—which need not be enumerated. But in our opinion that order was not legal and should have been set aside as matter of law, for the statute (C.L., Secs. 1710-1723, particularly Secs. 1710, 1712, 1720), as we construe it, permits a garnishee to appear personally and make his disclosure under oath at the trial or at any time before the trial between the plaintiff and defendant and does not require a written answer from

him or permit an order of default against him before such trial. The first amendment to the motion to set aside the order of default set forth the illegality of that order as one of the grounds for vacating it and an exception was taken to the denial of the motion.

The judgment that was finally entered against the garnishee can be supported, if at all, only as a judgment upon a default, which it purports to be, although it contains also a recital that a verdict had been rendered against the garnishee, which recital, though false, may be regarded as surplusage and as not in itself vitiating the judgment. Although the garnishee might have attempted to treat the preliminary order of default as void collaterally by attempting to come in at the trial and make its disclosure in spite of that order, or might have asked for leave to come in and disclose at the same time that it asked to have that order set aside, still it was justified in observing that order until it should be set aside and it had a legal right, by applying in time to have that order set aside, to be placed in a position to take any further steps that it might deem proper for protecting itself after the order should be set aside, without asking to be allowed to take such steps before the order should be set aside. The contention that the final judgment was justified on the theory that the garnishee was in fact in default by not appearing and offering to disclose at the trial notwithstanding the previous order of default cannot be sustained. That was practically an order of the court that the garnishee could not appear and disclose at the trial or at any time and a proper course for the garnishee to take was to first ask to have that order vacated. It should not under the circumstances be made to suffer because of the error committed by the court at the instance of the plaintiff in making the order of default and in refusing to set it aside.

It is unnecessary to touch upon other points that were argued.

The decision overruling the motion to set aside the order of default and the judgment against the garnishee are reversed, the order of default set aside, and the case is remanded to the

Circuit Court for such further proceedings as may be proper and consistent with this opinion.

*Smith & Lewis* and *L. J. Warren* for plaintiff in error.

*W. A. Whiting* and *C. F. Clemons* for defendant in error.