YOUNG HIN, WONG TAI, WONG WAH, CHU LUM
CHEE, CHU KOW, YOUNG LIN, YOUNG CHONG,
LAM TAI, CHU KING, SAM SUN, LEE WO, CHAN
WING, AH SUN, CHAN SING, LUNG YEE, CHAN
HANG, HIN YORK, LEE CHIN, SEE SING, SEE
CHONG, CHAI LEP SING AND CHU CHEE,
PLAINTIFFS IN ERROR, *v.* H. HACKFELD AND
COMPANY, LIMITED, A HAWAIIAN CORPORA-
TION, AND HONOKAA SUGAR COMPANY, LIM-
ITED, A HAWAIIAN CORPORATION, DEFEND-
ANTS IN ERROR.

WRIT OF ERROR TO THE DISTRICT MAGISTRATE OF HAMAKUA,
ISLAND OF HAWAII.

SUBMITTED JANUARY 3, 1905.      DECIDED JANUARY 28, 1905.

FREAR, C.J., HARTWELL AND HATCH, JJ.

ERROR—*return of service—garnishee summons—appearance of a corpor-
ation by its manager's clerk in answer to a garnishee process.*

A garnishee summons was issued by a district magistrate in a
suit by H. H. & Co. v. the K. Y. Co. defendants and against Y. H.
and twenty-one others named "No. 5 Gang" as garnishees. The
officer's return showed service on the manager of K. Y. Co. and
on Y. H. and nine others of the twenty-two named as garnishees.
No appearance was made for the defendants or the garnishees and
judgment was made against them by default. The next day another
garnishee summons was issued in an action on this judgment by
the same plaintiff against the garnishees named in the first case
as defendants and the Honokaa Sugar Co. as garnishee. The return
of service on the defendants was as follows: "Served the within

summons on Young Hin et als., as therein named as defendants by handing each of them a true and attested copy thereof and at the same time showing them the original at Honokaa this 16th day of April, 1904." The return of service on the garnishee was: "Served the within summons on H. S. Ccmp. Ltd., therein named as garnishee by leaving with him a true and attested copy thereof at ————— this 16th day of April, 1904." There was no appearance for the defendants at the hearing of the second suit. The H. S. Co., garnishee, filed a statement that it was indebted to the defendants in more than the amount sued for, signed "Honokaa Sugar Company, per K. S. Gjerdrum, manager, per C. H. Bragg" and sworn to by Bragg. Judgment was rendered for the plaintiffs in the second suit and the garnishee was ordered to pay the amount. There was nothing in the record of the second case showing that the judgment was based on the judgment in the first case. The garnishee summons in each of the above cases was upon the printed form commonly used. Held: (1) The return of service in each case was sufficient; (2) the plaintiffs' complaint in the second case was not defective in failing to aver their ownership of the judgment sued on; (3) there was no error in the magistrate taking judicial notice in the second case of his judgment in the previous case; (4) the rights of the plaintiffs in error not being injuriously affected by the unauthorized appearance (if any there was) of the H. S. Co., they could not assign such unauthorized appearance as error.

OPINION OF THE COURT BY HARTWELL, J.

The record of the district magistrate of Hamakua shows that on April 15, 1904, he rendered judgment for the plaintiff in an action on a note for $273.15 by *H. Hackfeld & Co., Ltd., v. Kwong Yick Company* defendants and Young Hin and twenty-one others named as "No. 5 Gang" as garnishees. The summons was issued on the printed form in use for many years styled "Garnishee Summons," containing a request that the court insert in the summons a direction to the officer to leave a true and attested copy with the garnishees, summoning them to appear, etc., and containing a direction accordingly to the officer to "leave a true and attested copy hereof with said garnishee" and to "summon them to appear," etc. The officer served the summons on the manager of the defendant company Young Hin and, as stated

in his return, on Young Hin and nine others of the twenty-two named as garnishees. The record shows that there was no appearance of the defendants or of the garnishees and shows judgment by default for the amount of the note with interest and costs and an order that the garnishees pay this amount. On April 16 the magistrate issued another garnishee summons in an action on this judgment by the same plaintiff against the garnishees named in the first case "commonly known as Young Hin Gang No. 5" as defendants and the Honokaa Sugar Company as garnishee. The return of the service on the defendants is as follows: "Served the within summons on Young Hin et als., as therein named as defendants by handing each of them a true and attested copy thereof and at the same time showing them the original at Honokaa this 16th day of April, 1904." The return of service on the garnishee was: "Served the within summons on H. S. Comp. Ltd., therein named as garnishee by leaving with him a true and attested copy thereof at ——— this 16th day of April, 1904." At the hearing on this second suit there was no appearance for the defendants. The Honokaa Sugar Company, garnishee, filed a statement that it was "indebted to the said defendants in more than the amount sued for" which was signed "Honokaa Sugar Company, per K. S. Gjerdrum, manager, per C. H. Bragg," and was sworn to by Bragg. The magistrate rendered judgment for the amount claimed with costs. The defendants in this last case bring this writ of error, making the following assignment of errors:

"1.   The said district magistrate had no jurisdiction over the persons of the defendants.   2.   The facts stated in the summons are not sufficient to constitute a cause of action.   3.   The judgment of the district magistrate is contrary to the evidence. .4.   The plaintiff filed no written petition for process in the case. 5.   The district magistrate had no jurisdiction in issuing summons to insert therein a direction to the officer serving the same ·to summon the Honokaa Sugar Company, Ltd., to appear as garnishee.   6.   The district magistrate had no jurisdiction over the Honokaa Sugar Company, Ltd.   7.   The Honokaa Sugar Company, Ltd., was not served with process in the case.   8.   The

district magistrate had no jurisdiction to order the Honokaa Sugar Company, Ltd., as garnishees to pay the amount of the judgment against plaintiffs in error.   9.   The judgment against plaintiffs in error sued upon was void.   10.   The district magistrate had no jurisdiction on the 15th day of April, A. D. 1904, to give a judgment in the matter of *H. Hackfeld & Company, Ltd., v. Kwong Yick Co.* in favor of the plaintiff and against the plaintiffs in error, as garnishees in the sum of $291.45 for lack of a written petition for process in that case and for lack of service on said plaintiffs in error, as garnishees."

1.   It is claimed that the return was fatally defective in not complying with the statute (Sec. 1219, C. L.), requiring that the record of the officer's service of process "shall state the name of the person served and the time and place of service," and providing that "such record shall be prima facie evidence of all it contains and no further proof thereof shall be required unless either party shall desire to examine such officer." We think the record was sufficient as prima facie evidence of service on each of the defendants named in the process.   2.   Next it is claimed that the plaintiffs' complaint is defective in failing to aver their ownership of the judgment sued on.   The declaration would not contain such averment at common law and it is unnecessary.   3.   Next it is claimed that the garnishee summons is insufficient under the decision in *Frag v. Adams,* 5 Haw. 664, in failing to contain a petition for process against the garnishee.   We consider the form used as sufficiently conforming to the statute.   4.   As to the record failing to show evidence on which the magistrate based his judgment, it is evident that he took judicial notice of his judgment made two days before, although he failed to record that he did so or to re-enter the record in his judgment in the former case.   We see no error in this. "There are a few instances in which, because of the notoriety of the proceedings, or because of their close connection with the matter in controversy, courts have taken judicial notice of proceedings in other causes." 1 Elliott on Evidence, Sec. 58.   5.   It is claimed as error that the return of service on "H. S. Comp. Ltd., therein named as garnishee" is defective in failing to show

with whom the copy of the summons was left, or that it was left with any officer or agent of the corporation upon service so althorized to be made, or who transacted the business of the corporation, and that the return is contrary to the provisions of second 1219, C. L.; moreover, that the appearance by this garnishee "per C. H. Bragg" is not shown to have been authorized by the corporation. It is claimed that the manager or the manager's clerk is not an officer of the corporation and that a garnishee cannot voluntarily answer so as to affect the rights of the defendant or of his corporation. The return was sufficient without showing the manner of service in view of the appearance made by the garnishee. If appearance by the manager's clerk for the purpose of testifying to the indebtedness of the company to the defendants was unauthorized (which is not to be presumed), that would in no way injuriously affect the rights of the plaintiffs in error who "cannot assign errors committed against a co-defendant where his" (their) "rights as in this case are not affected by the error." *Robinson v. Brown,* 82 Ill. 281.

The writ of error is dismissed.

*Lyle A. Dickey* for plaintiffs in error.

*C. Brown, F. E. Thompson* and *C. F. Clemons* for defendants in error.