## ALLAIN PASQUOIN *v.* FRANK T. SANDERS AND PACIFIC SHIPPING COMPANY.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JANUARY 10, 1911.                    DECIDED JANUARY 12, 1911.

PERRY AND DE BOLT, JJ., AND CIRCUIT JUDGE COOPER IN PLACE OF HARTWELL, C.J.

PROCESS—*Certificate of copy, by sheriff.*
> Under R. L., §1721, the copy of the summons and of the petition may be certified by any one of the officers designated to whom the documents have been entrusted for service.

### OPINION OF THE COURT BY PERRY, J.

The defendants filed separate motions to quash the service of summons, each on the ground that the copies of the summons and of the declaration had not been served as required by law and that of the Pacific Shipping Company on the further ground, relied upon in this court, that the original return of service did not show justification for substituted service on its agent. During the argument of the motions in the lower court

Pasquoin v. Sanders, 20 Haw. 352.

the plaintiff asked that leave be granted for the filing of an amended return. The trial court said that the return was amendable "unquestionably, that is, according to our statute of amendments. It can be amended so as to state the facts as they existed at the time of service. It would be proper for the deputy high sheriff to amend so as to show that he made a search of the Territory and was unable to find defendant and found some officer or agent who represented defendant." The court, however, added that this statement was not intended as a ruling. Counsel for the defendant likewise said at the time, "If the service was properly made it can be amended." Subsequently an amended return by the deputy sheriff was filed showing the facts essential to support a substituted service, and still later the court, without referring specifically to the motion for leave to file an amended return, orally ruled, "It is ordered that defendant's motion to quash be and the same is hereby granted." (Apparently both motions to quash were intended to be granted.)

It is not contended that upon the facts stated in the amended return the substituted service must be set aside, but merely that the filing of the amended return was unauthorized by the court and that therefore the company's motion to quash must be granted. All are agreed, and it is clear, that a return is amendable so as to show the officer's acts done by way of service. Nothing would be gained by sustaining the motion to quash, striking the amendment from the record and thereupon immediately permitting the amendment to be filed. It is filed and discloses the facts necessary to justify substituted service. Upon this ground, therefore, the motion to quash is not sustained.

The main point relied upon by the appellees is that the copies of the summons and declaration were certified to by the deputy sheriff and not by the clerk of the court which issued the summons and that under our statutes the latter official only may so certify. The only section of our statutes relating to this

precise subject is R. L., §1721, reading as follows: "Every summons issued under the seal of a court of record. shall be served by the high sheriff or his deputy, or a sheriff or deputy sheriff, upon the defendant, by the delivery to him of a certified copy thereof, and of the plaintiff's petition, to which petition shall always be annexed a literal copy of the voucher upon which it is predicated (if any there be), or in case the defendant cannot be found, by leaving such certified copy with some agent or person transacting the business of the defendant, or at the defendant's last place of residence." By whom the copy shall be certified is not specified. The language used is capable of the construction that the officer to whom the summons has been entrusted for service may make the certificate as well as, perhaps, that the clerk of the court issuing the summons may do so. This provision was first enacted, in substance, in 1859, and the unvarying practice has been for the certificate to be made by the sheriff or his deputy or other corresponding officer and not by the clerk, and the courts have by their silence acquiesced in this practice. It is well settled that courts "give great weight in a doubtful case to the contemporaneous and unvarying construction put upon a statute by all persons dealing under it." *Macfarlane v. Collector of Customs*, 11 Haw. 166, 177, 178. In the case just mentioned the court adopted as its own the following language: "The construction thus given to the law by that department, while not absolutely binding upon the courts, is not to be set aside but for the very best of reasons, e. g., if such construction is *clearly* erroneous. It is to be presumed that the legislature has been aware of the construction placed upon the statute and yet it has not seen fit to enact any amendment. The practical construction given to a doubtful statute by the public officers of the State and acted upon by the people thereof is to be considered; it is perhaps decisive in a case of doubt. This is similar in effect to a course of judicial decisions. * * * Contemporaneous construction and official usage for a long period by persons charged with the adminis-

tration of the law are among the legitimate aids in the interpretation of statutes." Whether or not the clerk may make the certificate it is unnecessary to decide. We are not prepared to say that the construction that the sheriff or his deputy may do so is clearly erroneous. That construction should not, therefore, be disregarded or set aside.

The motions to quash should be denied, the exception is sustained and the cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.

*G. A. Davis* for plaintiff.

*C. F. Peterson* for defendants.