# JOHN PAYNE v. M. T. FURTADO, DEFENDANT, T. MIYASAKI, GARNISHEE.

## EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT. HON. C. F. PARSONS, JUDGE.

SUBMITTED AUGUST 21, 1915.          DECIDED SEPTEMBER 3, 1915.

ROBERTSON, C.J., QUARLES, J., AND CIRCUIT JUDGE ASHFORD IN PLACE OF WATSON, J., ABSENT.

GARNISHMENT—*request for process—summons.*
> A prayer contained in plaintiff's complaint in an action in a circuit court that the garnishee "be summoned to appear and answer this demand as is by law provided," is a sufficient request for the issuance of a summons to the garnishee in a form appropriate to the requirements of R. L. 1915, Sec. 2801.

SAME—*garnishee summons—copy—certification.*
> A copy of the original summons served upon a garnishee as required by law, which is certified by a deputy sheriff to be a true copy, need not bear the original signature of the clerk nor the impress of the seal of the court out of which it issued, if it shows upon its face that the original was signed by the clerk and bore the seal of the court.

SAME—*time for appearance of garnishee—waiver of irregularity.*
> The time specified in the summons for the appearance of the garnishee should be the same as that of the defendant. An irregularity in the designation of the time for appearance will be waived by making a general appearance in the cause.

SAME—*travelling fees and expenses of garnishee.*
> The status of an order for execution entered against a garnishee who has not appeared is not affected by the failure to tender him the amount of his fees and expenses.

SAME—*non-appearance of garnishee—notice of hearing—judgment.*
> Where no action is had or order made in court on the return day, the defendant having previously confessed judgment, the garnishee is entitled to notice of any proceeding subsequently to be had affecting his rights. Before a valid judgment can be entered against a garnishee who has not appeared the plaintiff must show by evidence the value of the property in the garnishee's hands belonging to the defendant, or the amount of the debt due to the defendant. Where judgment has been obtained against the defendant upon his default or confession, the garnishee may appear

and make his disclosure at any time before judgment has been entered against him.

## OPINION OF THE COURT BY ROBERTSON, C.J.

This case has come to this court upon the exception of the garnishee to the denial by the circuit court of his motion to vacate an order for execution theretofore made against him in the cause. It appears by the record that judgment for the amount claimed by the plaintiff was entered against the defendant upon his confession, and that thereupon, the garnishee having made no appearance, an order was entered that execution for the amount of the judgment issue against the estate of the garnishee "as his own proper debt." That order the garnishee moved to vacate. The circumstances in detail will be stated in connection with the rulings to be made on the several grounds set forth in the motion.

1. It is contended that the circuit court was without jurisdiction to issue the summons against the garnishee for the reason that the petition contained no proper request for the issuance of summons as provided by the statute. So much of the section of the statute (R. L. 1915, Sec. 2801) as is pertinent to this point provides that a creditor who brings action against his debtor "in his petition for process may request the court to insert therein a direction to the officer serving the same to leave a true and attested copy thereof" with the garnishee or at his usual place of abode. The plaintiff, in his complaint, alleged that "T. Miyasaki, of Honokaa, Hawaii, is the attorney, agent, factor, trustee or debtor of the defendant, M. T. Furtado, and, as such, has goods, effects or money in his hands belonging to the said defendant." In the prayer the plaintiff asked "that the said T. Miyasaki, garnishee hereinbefore mentioned, be summoned to appear and answer this demand as is by law provided." The summons was on the usual printed form in use by the circuit courts.

The cases of *Frag* v. *Adams,* 5 Haw. 664, and *Young Hin* v.

*Hackfeld*, 16 Haw. 427, were cited. In the former case the printed forms in use at the time contained no request for process against the garnishee, and as there was no such request in the complaint itself there was no basis for the summons issued against the garnishee. In the latter case, which also was a district court case, the printed form of summons did contain a request that the court insert a direction that an attested copy of the summons be served upon the garnishee. As to this the court said, "We consider the form used as sufficiently conforming to the statute." 16 Haw. 430. The form of "garnishee summons" used in the circuit courts does not contain a request that the garnishee be served such as that contained in the district court forms. Proper practice in the circuit courts requires that the plaintiff's complaint allege that the necessary relation exists between the defendant and the person named as garnishee, and contain a request or prayer that such person be served with process as required by the statute. This was done in the case at bar with enough particularity and strictness. The garnishee could be summoned only in the manner required by the statute and the prayer that he be "summoned to appear and answer this demand as is by law provided" required the issuance of a summons in a form appropriate to the requirements of the statute. That was done.

2. It is contended that no legal service of process was made on the garnishee for the reason that the copy of the summons served upon him did not bear the impress of the seal of the court or the signature of the clerk. Section 2801 provides that the plaintiff may request the court to direct the officer serving the process to leave "a true and attested" copy with the garnishee, also that the summons and direction "shall be signed and issued in the same manner as summonses are usually issued in civil actions." Section 2354 (R. L. 1915) provides that "Every summons issued under the seal of a court of record, shall be served * * * upon the defendant, by the delivery to him of a certified copy thereof," etc. These provisions amount to just

Payne v. Furtado, 22 Haw. 723.

this: upon the plaintiff's request that the officer be directed to leave "a true and attested" copy of the summons with the garnishee the officer shall serve him with a "certified" copy thereof. It is manifest that by the words "true and attested" and "certified" is meant the same thing. The case of *Hayashi* v. *Iwata,* 14 Haw. 627, is not in point because there the copy served on the garnishee did not show that the original summons had been signed by the clerk and sealed with the seal of the court. In other words, if the copy served on the garnishee was what it purported to be, namely, a true copy of the original, then the original had not been signed or sealed, and hence never legally issued. In the case at bar the original summons was signed by the clerk of the court and it bore the seal of the court. The copy served on the garnishee showed that. It was a correct copy of the original, and, upon its face, was certified to be a true copy by the deputy sheriff. This was proper under the ruling made in *Pasquoin* v. *Sanders,* 20 Haw. 352, and *Territory* v. *Kapiolani Estate,* id. 548, to the effect that the certification may be made by any officer (including a deputy sheriff) authorized by statute to serve process.

3. It is contended that the circuit court "was without jurisdiction to summon the said garnishee to appear in this (circuit) court and cause on the 7th day of July, 1914, as set forth in said garnishee summons." The summons was issued on June 12, 1914, and was served, on the following day, upon the defendant and the garnishee. It directed the defendant (in the usual form conforming to R. L. Sec. 2353) "in case he shall file written answer within twenty days after service hereof, to be and appear before the said circuit court at the term thereof pending immediately after the expiration of twenty days after service hereof; provided, however, if no term be pending at such time, then to be and appear before the said circuit court at the next succeeding term thereof, to-wit, the January 1915 term thereof, to be holden at Hilo, County of Hawaii, on Wednesday the 13th. day of January next, at ten o'clock, A. M."

etc. And it summoned the garnishee to "appear personally in said court on Tuesday the 7th day of July next at ten o'clock A. M. then and there on oath to disclose" etc. The statute provides that the garnishee shall be summoned to appear "upon the day or term" appointed in the process. The statute contemplates that the garnishee shall be notified to appear at the same time as the defendant. In a case commenced in a district court both parties would be directed to appear at the same day and hour. In the case at bar the time for the appearance of the garnishee should have been designated in the same language as that used with reference to the defendant. The irregularity, however, was one to be taken advantage of, if at all, by motion upon a special appearance for the purpose. Here, the appearance, though purporting to be special, was not for the purpose of quashing the summons, but for the purpose of having vacated the order for execution to the end, apparently, that the garnishee may have an opportunity to make his disclosure. In his affidavit attached to the motion the garnishee stated that he "at all times intended to appear and make his disclosure as required by law when notified to do so." The motion in question, like a motion to open a default and for permission to answer, constituted a general appearance (*Zeave* v. *Zeave,* 17 Haw. 463), and a waiver of the defect in the summons. *Ferreira* v. *Kamo,* 18 Haw. 593.

4. Another ground for the motion was stated to be "That the said garnishee was not paid for travelling fees and expenses for his attendance" as required by the statute. Section 2816 of the Revised Laws provides that every garnishee "shall be paid his travelling fees and expenses for his attendance before any court under the provisions of this chapter on the same scale and at the same rate as witnesses required by subpoena to attend on the trial of any civil suit in said courts." The court below was right in ruling against this point. The payment or tender of an amount to cover the fees and expenses of the garnishee is not a necessary prerequisite to the entry of judgment against the garnishee in a proper case. The liability of the garnishee in

case he appears and discloses as well as when he does not do so is defined in another section of the law. The status of the order in question was in no way affected by the failure to make a tender to the garnishee, and it will not be necessary to consider whether such tender was waived by reason of the failure of the garnishee to demand payment of his fees and expenses when he was served with process.

5.    The remaining two points raised by the garnishee were well taken, and they may be considered together. They are that the order for execution ought not to be allowed to stand because the garnishee was not notified of the time set for the hearing of the cause, and that, in fact, no hearing was ever had as to his liability in the premises. The action was in assumpsit for money had and received. On July 6, 1914, the defendant filed an answer in which he admitted all the allegations contained in the plaintiff's complaint and consented that judgment be entered against him. On July 7, the day the garnishee had been notified to appear and disclose, nothing appears to have been done in the cause though a term of court was then pending. On September 9, the plaintiff appeared in court and asked for judgment "upon the pleadings," and the court ordered judgment to be entered against the defendant. The case as to the garnishee was continued until September 14, at 10 A. M. On the last mentioned date counsel for the plaintiff appeared and contended that an "order should be made against the garnishee," and judgment was thereupon authorized "against the garnishee in the amount prayed." On the same day a judgment was duly entered against the defendant for the sum of $419.20, and costs taxed at $48.70. No judgment was entered against the garnishee but the order in question was made "that execution issue against the estate of T. Miyasaki for the sum of $467.90, as his own proper debt, and the lawful costs." The order purports to have been made upon the motion of the plaintiff. This is understood to have had reference to the contention of counsel orally advanced in court as above mentioned. The garnishee was given no notice that any

proceedings were to be had on the 9th or 14th of September. Assuming that in the absence of any objection on the part of the garnishee to the irregularity in the summons as to the time named for his appearance in court he would have been bound by any proceedings had or action taken on that day, had any such been had or taken, the fact that no order was then made continuing the case to a day certain entitled the garnishee to notice of any subsequent proceeding that was to be had affecting his rights in the matter. Common justice would so dictate. See *Vivas* v. *Akoni,* 14 Haw. 115. The statute does not require a garnishee to file a written answer or disclosure. He may appear and make his disclosure orally under oath at the trial or at any time before the trial, and an order of default made against him before trial would, on his application, be set aside. *Bank of Hawaii* v. *Parke,* 15 Haw. 645. Section 2806 of the Revised Laws provides that "If the said attorney, agent, factor or trustee or debtor fails to appear upon the day and hour of hearing named in the summons or writ above mentioned, or if, having appeared, he refuses to disclose * * * the case shall proceed to trial, and if the plaintiff recovers a judgment, execution shall issue at his request, against the estate of such contumacious attorney, agent, factor, trustee or debtor, for the amount of such judgment as his own proper debt, and the lawful costs; provided that if it appears on the trial that the goods and effects are of less value and the debt of less amount than the judgment recovered against the debtor, judgment shall be rendered against the garnishee to the value of the goods or the amount of the debt, and if it appears that the garnishee has no goods or effects of such debtor in his hands, or is not indebted to him, then he shall recover his lawful costs." Where, as in some jurisdictions, the statute provides that if the garnishee fails to appear he shall be defaulted and judgment rendered against him for the amount of the judgment recovered against the defendant, it is held the default amounts to an admission by the garnishee that he has property in his hands belonging to the defendant, and that he

may not thereafter make a disclosure unless the default has been removed by the court upon good cause shown. See *Minneapolis etc. R. Co.* v. *Pierce,* 103 Minn. 504. Under a statute of Arkansas bearing more resemblance to ours it has been held to be error to render judgment by default against a garnishee without proof of his liability. *Lewis* v. *Faul,* 29 Ark. 470. In *Kerr* v. *Mayhew,* 7 Haw. 72, it was held that one who is served with process as a garnishee, at his peril neglects to appear and discharge himself in the manner prescribed by statute. But in that case judgment had been rendered against the garnishee as well as against the defendant and the validity of the judgment was not questioned. The motion in that case was treated as an ordinary one to set aside a default. The court said (p. 75), "The applicant was served more than six weeks before the commencement of the term and had ample opportunities to discharge himself from liability, and it is too late now, after judgment has been given against him, to seek to set it aside on any such grounds as are relied upon." There is nothing in our statute to warrant the view that a garnishee who fails to appear is in any worse plight than a defendant who is in default. Both become subject to such judgment as may be entered upon the proofs adduced *ex parte* by the plaintiff. It is clear from the provisions of the statute that in no case shall the garnishee be held liable to judgment and execution for a greater sum than the value of the property of the defendant in his hands or the amount of the debt due to the defendant. In the case at bar the defendant's admission of indebtedness to the plaintiff did not affect the garnishee. The allegation in the plaintiff's complaint that Miyasaki was the attorney, agent, factor, trustee or debtor of the defendant was not admitted by the non-appearance of the garnishee, and much less was the garnishee's failure to appear an admission of indebtedness to the defendant of a sum equal to the amount of the judgment recovered against the defendant. Before a valid judgment can be entered against a garnishee who has not appeared the plaintiff must have shown by evidence that the garnishee is the

attorney, agent, factor, trustee or debtor of the defendant, and the value of the property in his hands belonging to the defendant, or the amount of the debt due by him to the defendant. The making of such proof is clearly contemplated by the statute in the section last above quoted. The "trial" there referred to includes not only the hearing as to the defendant's liability to the plaintiff, but as to the garnishee's liability to the defendant. The defendant and the garnishee may, of course, be summoned as witnesses. Where judgment has been obtained against the defendant in the case upon his default or confession, the garnishee is entitled to appear and make his disclosure at any time before judgment has been entered against him. And in the case at bar the garnishee may now appear and make his disclosure. From what has been said it follows that the order complained of must be held to have been improvidently entered and should have been set aside upon the garnishee's motion for that purpose.

The exception is sustained and the case remanded to the circuit court with direction to set aside the order for execution and for further proceedings consistent herewith.

*H. L. Ross* for plaintiff.

*Harry Irwin* for garnishee.

### CONCURRING OPINION OF QUARLES, J.

I concur in the conclusion reached on the ground that there should have been a judgment against the garnishee, and that in the absence of such judgment the circuit court erred in denying the motion of the garnishee to set aside the order directing execution against him.

I am unable to adopt the rule that in case of garnishment and utter failure of the garnishee to pay any attention to the summons that the plaintiff must prove the amount of money or the value of the property which the garnishee holds for the principal defendant. Such has not been the practice in this jurisdiction as I understand it. The garnishee has until the hearing of the case closes—until judgment—to disclose, and if he refuses

to do so he acts at his peril. If he does not disclose and the plaintiff obtains judgment he (the garnishee) is in default. He cannot be defaulted prior to judgment (*Bank of Hawaii* v. *Parke,* 15 Haw. 645). The decision in *Kerr* v. *Mayhew,* 7 Haw. 72, is based upon the idea that if the garnishee fails to disclose—is contumacious—a judgment should be rendered against him, and does not rule that the plaintiff must prove what money or property is in his hands belonging to the principal defendant. Good faith and proper respect for the commands of the writ require the garnishee to appear and disclose in the interest of both himself and the plaintiff.

It is proper practice to require the plaintiff to prove his debt against the defendant, in case of default, his relations with the defendant being within his own knowledge. The relations, however, between the principal defendant and the garnishee are not presumably within the knowledge of the plaintiff and he should not be required to prove what the garnishee owes the defendant or what property the defendant has, where he defaults, and I apprehend that the decision in *Kerr* v. *Mayhew,* supra, is consistent with this reasoning.