Michael F. McCARTHY and American Resources, Ltd., Plaintiffs,

v.

PACIFIC LOAN, INC., and Thrift Guaranty Corporation, Defendants.

PACIFIC LOAN, INC., and Thrift Guaranty Corporation of Hawaii, Defendants-Counterclaim Plaintiffs,

v.

Michael F. McCARTHY, American Resources, Ltd., Curtis J. Bernhardt, Carl J. Bernhardt, Robert L. Hofmann, Harold T. Okahara, Andrew F. Pollett, James M. Seegraves, Laura L.M. Wong, Daniel R. Matsukage, Nathan H. Suzuki, American Sunrise, Ltd., Castle Management Corp., dba Orion Enterprises, Christie Oil Co., Ltd., CJB Holdings, Development, Inc., Eagle River Development Co., Inc., Hawaii-Alaska Development Corp., Hawaii-Alaska Land & Cattle Co., the Norfolk Group, Ltd., Norfolk Investment Co., Ltd., Norfolk Realty, Inc., Norfolk Utilities and Development, Inc., O.R., Ltd., Oriental Rugs, Inc., PML Ltd., Pupukea Tree Farms, San Pedro Packers, Inc., Stone Oil Corporation, Transpacific Construction Consultants, Inc., Velzeyland Properties, John Does 1–50, Jane Does 1–50, Doe Partnerships 1–50, Doe Corporations 1–50, Doe Entities and Associations 1–50, and Doe Governmental Units 1–50, Counterclaim Defendants.

Civ. No. 82–0292.

United States District Court, D. Hawaii.

May 14, 1986.

Richard J. Archer, Honolulu, Hawaii, for Pacific Loan, Inc.

Paul Mullin Gnaley, Honolulu, Hawaii, for Thrift Guar. Corp.

Robert F. Miller, Linda Mei Jaress, Honolulu, Hawaii, for Thrift Guar. Corp. of Hawaii.

Dennis E.W. O'Connor, Jerrold K. Guben, Charles E. McKay, Honolulu, Hawaii, for Michael F. McCarthy.

Jay M. Fidell, Bendet, Fidell & Sakai, Honolulu, Hawaii, for Theo H. Davies & Co., Ltd.

Boyce R. Brown, Terry Day, Honolulu, Hawaii, for Carl J. Bernhardt, Curtis J. Bernhardt, and Norfolk Inv. Co.

Nathan Suzuki, Honolulu, Hawaii, pro se.

Rogers M. Ikenaga, Honolulu, Hawaii, for Daniel R. Matsukage.

## DECISION AND ORDER ON PACIFIC LOAN, INC.'S (COUNTERCLAIM PLAINTIFF'S) MOTION FOR ORDER TO SHOW CAUSE

PENCE, District Judge.

On March 5, 1985, this court granted summary judgment for Pacific Loan ("Pacific") against counterclaim defendants Velzeyland Properties ("Velzeyland") and American Resources, Ltd. ("ARL"). When the court filed its order on March 22, Velzeyland's indebtedness totalled $3,337,-195.15, while ARL owed Pacific $1,884,-778.86. In order to, *inter alia,* preserve Pacific's rights as creditors, the court certified the judgments as final pursuant to Fed.R.Civ.P. 54(b) on April 16, 1985.[1]

In an effort to collect a portion of the above award, Pacific moved for issuance of a garnishee summons directed against Theo H. Davies & Co., Ltd. ("Davies"). Pacific's motion was granted, and on May 9, 1985, Pacific served the garnishee summons on Davies and obtained a Writ of Execution over the sum of $30,000.00. (The signature of Davies vice-president Beverly Nagy acknowledged receipt of the summons on the same day.) The $30,000 represented funds allegedly payable to ARL by Davies pursuant to a Memorandum of Understanding Regarding Partnership Termination.

The summons required Davies to either file a written disclosure or appear before Magistrate Gedan on May 30, 1985. When Davies both failed to appear and failed to file the required disclosure, Magistrate Gedan issued a garnishee order as to Davies "up to the amount of its indebtedness to [Velzeyland] and [ARL], but not more than the judgment amount...." (Garnishee Order, filed July 8, 1985.) Counsel for Pacific served counsel for Davies with a copy of the order, and Magistrate Tokairin set the due date for Davies' disclosure for July 15, 1985.

On July 15, 1985, the proceedings were complicated by ARL's petition in bankruptcy. During the next few months, the docket sheet reflects a concentrated effort on the part of the numerous parties to designate certain aspects of the record for ARL

---

1. On April 24, 1986, the Ninth Circuit ruled that "[u]ntil Velzeyland and American have the opportunity to present all their defenses, the district court's disposition of Pacific's claim [of money owed on the promissory notes] cannot be considered final." *McCarthy, et al. v. Pacific Loan, Inc., et al.,* 789 F.2d 921, Memorandum at 6 (9th Cir.1986). Although it now appears that the garnishee summons and subsequent Order to Show Cause were based on a judgment that was not final for Rule 54(b) purposes, the dismissal of the appeal in no way renders moot the instant Order to Show Cause. The court finds that while the opinion establishes the law of the case, it bears no relevance to Davies' transgressions with respect to the court's garnishee process. *See United States v. United Mine Workers of America,* 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947).

and Velzeyland's appeal to the Ninth Circuit, as well as ready the remaining aspects of the case for trial. It was not until November 22, 1985, that Pacific once again turned its attention to Davies' failure to respond to the court's garnishee order.

The court granted Pacific's ex parte motion for issuance of an order to show cause, and on December 19, Davies appeared before this court to explain why judgment should not be entered in favor of counterclaim plaintiffs. Pacific argued that under H.R.S. § 652-8, Davies' failure to appear and answer the summons transformed the $30,000 owed ARL to a personal debt of Davies, "equal to the amount of judgment against ARL, plus costs."

In response, Davies disputed the jurisdiction of this court over funds belonging to the bankrupt estate. After the court took the matter under advisement, Davies submitted supplemental briefing where it argued that Davies *in fact* complied with the summons, or in the alternative, their failure to comply was based on a good faith belief that the bankruptcy process affected the $30,000 sum. In addition, Davies finally disclosed its $30,000 indebtedness to ARL on December 23, 1985.

## DISCUSSION

The issue before the court involves a determination of the consequence of Davies' failure to appear or file a written disclosure by the return date of the summons. If Davies' failure means that the debt can be recast as Davies' "own proper debt," the intervening bankruptcy of ARL would in no way interfere with proceedings by Pacific against Davies in this court. However, if the $30,000 remains a debt owed the judgment debtor, then a ruling on the merits by this court would run afoul of the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362. *See In re Autobahn Classics, Inc.*, 29 B.R. 625, 627 (1983).

*The Jurisdiction Problem*

H.R.S. § 652-8 provides:

If the garnishee fails to appear upon the day and hour of hearing named in the summons or writ above mentioned, or if having appeared, he refuses to disclose upon oath whether he has goods or effects of the defendant in his hands, and their nature and value, or whether a debt is due from him to the debtor and its amount, or whether he has any moneys of the defendant in his possession for safekeeping, and the amount thereof, the case shall proceed to trial. *If the plaintiff recovers a judgment,* execution shall issue at his request, against the estate of the contumacious garnishee for the amount of judgment as his own proper debt, and the lawful costs; .... (Emphasis added.)

Davies contends that under the terms of the statute, Pacific must obtain a judgment against Davies before Davies can be held directly liable. Until then, Davies is free to make disclosure. Therefore, Davies argues its recently filed disclosure constitutes compliance with § 652-8, and that the debt therefore remains ARL's.

Recent cases have not touched on this area of post-judgment garnishment, but two older cases do provide this court with guidance. Based on a reading of *Bank of Hawaii v. Parke*, 15 Haw. 645 (1904) and *Payne v. Furtado*, 22 Haw. 723 (1915), the statute appears to require that before a valid judgment can be entered against a garnishee who fails to appear, the plaintiff must prove "at trial" the garnishee's liability to the defendant. *Payne*, 22 Haw. at 730–731. While a garnishee who fails to disclose does so at his peril, "[t]he garnishee has until the case closes—until judgment—to disclose." *Id.* at 731 (Quarles, J. concurring).

 At the time of the hearing on the order to show cause in the instant case, Pacific had not reduced Magistrate Gedan's order to a judgment pursuant to Fed.R. Civ.P. 54(a). This is aptly reflected by the entry on the court's docket sheet, *viz.*, "Theo H. Davies ordered to appear ... to explain why *judgment* ... in favor of Counterclaim Plaintiffs should not be entered." (Dec. 6, 1985, N.R. 714.) In contrast to the state statute underlying the

case of *Morris Lake & Son v. Strickland,* 55 So.2d 51 (La.App.1951), § 652–8 does not allow *automatic* entry of judgment against a garnishee for failing to obey court process. As a result, even though Davies' disclosure comes five months late, without a judgment, Pacific cannot prevail on its argument that the debt has become Davies' own. Therefore, since the funds still represent property of the debtor ARL, this court lacks jurisdiction based on 11 U.S.C. § 362(a)(3). Accordingly, the Order to Show Cause is hereby dismissed.

*Davies' Liability for Contempt*

Although the court lacks jurisdiction regarding the $30,000 held by Davies, the court does have jurisdiction over Davies regarding its repeated failure to respond to the court's garnishee process. *Juneau Spruce Corp. v. International L. & W. Union,* 131 F.Supp. 866, 871–873 (D.Haw. 1955). Davies attempts to justify its actions in one of two ways. First, Davies points to supposed oral disclosures made in conversations between Linda-Mei Jaress, counsel for Thrift Guaranty Corp., and Dewar Millar, General Manager of Davies Properties, Inc. Similarly, Davies claims conversations between Jaress and Davies' attorney Stanley Kuriyama regarding Davies' outstanding debt to ARL of $30,000 constitute compliance with the summons.

In addition, Davies contends that H.R.S. § 652–2 expressly shields a garnishee from liability for nonpayment of sums when the garnishee in good faith believes that some other process affects those sums. In other words, Davies argues its actions were not in bad faith due to the uncertainty generated by ALR's July 15th bankruptcy petition.

■ With regard to Millar and Kuriyama's conversations with Jaress, § 652–8 makes it abundantly clear that Davies had a duty to either appear before the magistrate or file a written disclosure by the return date of the summons. The court finds it unnecessary to inquire into Davies' reasons, suffice it to say that oral disclosure is simply insufficient under the terms of the statute.

■ As for the claimed uncertainty that followed ARL's bankruptcy, attorney Kuriyama states in his affidavit that receipt in November of 1985 of Pacific's motion in Bankruptcy court for an order directing Davies to release the same $30,000 sum to Pacific led him to "assume[ ] that the matter now before this Court would be resolved at the January 27th hearing before the Bankruptcy Court." (Kuriyama affidavit at 5, ¶ 15, *citing* H.R.S. § 652–2.) (Judge Chinen found that since neither Davies nor Pacific were in bankruptcy and they were the only parties before the court, the court lacked jurisdiction. *In re American Resources,* 54 B.R. 245 (Bankr.Haw. 1985)). Given the fact that the date set for disclosure was the same day that ARL filed its bankruptcy petition, this "uncertainty" does not excuse Davies' failure to file a timely disclosure. Nor does it excuse Davies' non-appearance before Magistrate Gedan on May 30, the return date of the summons. The court therefore finds that under the circumstances, monetary sanctions are appropriate.

Accordingly, it is hereby ordered that:

1. Within ten (10) days hereafter, Counterclaim Plaintiffs will file a claim, with supporting documentation, for compensation for the time spent in prosecuting this action. Davies will have seven (7) days thereafter within which to file any objections it might have to Counterclaim Plaintiffs' request. Thereafter, this court will make its own conclusion as to the reasonable compensation which should be assessed against Davies for its failure to file timely disclosure.

2. The obligation to pay the sum as compensation will be divided equally between Davies and its original attorney, Stanley Kuriyama.