BISHOP TRUST COMPANY, LIMITED, AS TRUS-
TEE UNDER THE WILL AND OF THE ESTATE
OF CHARLES FURNEAUX, DECEASED, *v.* HILO
PINEAPPLE COMPANY, LIMITED, DEFEND-
ANT; GEORGE W. WILLFONG, GARNISHEE.

No. 1520.

RESERVED QUESTIONS FROM CIRCUIT COURT FOURTH
CIRCUIT.

HON. H. L. ROSS, JUDGE.

ARGUED MARCH 12, 1924.                DECIDED APRIL 8, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

GARNISHMENT—*examination of garnishee upon notice of parties served
upon him—stage of proceedings when same may be had.*

    Where judgment in an action has been entered in favor of the
plaintiff and against the defendant and garnishee, "the trial of
said action" has been concluded and the garnishee cannot there-
after upon written notice of the plaintiff served upon him be
required to appear and be examined orally under oath as to the
disclosure made by him in his written return filed prior to trial,
or as to his liability as garnishee.

OPINION OF THE COURT BY PETERS, C. J.

The following report of the circuit judge sets forth the
questions reserved and sufficient of the facts to render a
statement of the case unnecessary:

"Bishop Trust Company, Limited, as trustee under the will and of the estate of Charles Furneaux, deceased, plaintiff above named, filed its declaration in assumpsit with garnishment, in aid in this court and cause on December 11th, 1922, and garnishee summons was thereupon duly issued and served on George W. Willfong, garnishee above named, on December 12th, 1922, and on the principal defendant, December 13th, 1922.

"Thereafter, to wit: on January 5th, 1923, garnishee filed in the above entitled case his verified answer denying indebtedness to defendant in any amount whatever.

"On January 25th, 1923, in the court room of the fourth circuit court at Hilo, Hawaii, after due notice to defendant and garnishee, both being present, the defendant by Charles H. Will, its president, and the garnishee personally and by counsel, evidence was introduced by the plaintiff in support of its declaration as against the principal defendant, and as against the garnishee; whereupon the judge of said court, on January 29th, 1923, filed his written decision in favor of the plaintiff and against the defendant and garnishee, said decision finding that the garnishee was indebted to the principal defendant in the sum of $9800.00, from which last named amount the court ordered a sum sufficient to satisfy the judgment in said case to be secured in the hands of said garnishee.

"On February 1st, 1923, after presentation and allowance of plaintiff's bill of costs, judgment in the total sum of $2159.97 was issued in conformity with said written decision and order, and a certified copy of the same was thereupon sent by registered mail to said garnishee.

"The said garnishee duly saved exceptions to all such proceedings, and on or about the 10th day of March, 1923, filed in this court and cause his bill of exceptions which was thereafter duly allowed.

"That said bill of exceptions was pending in the supreme court of this Territory until December 20th, 1923, on which date the said exceptions of said garnishee were sustained.

"On December 29th, 1923, the plaintiff herein served on said George W. Willfong and J. W. Russell, his attor-

ney, and filed in this court and cause the following notice to appear in this court and cause for oral examination, to wit:

" 'You are hereby notified to appear at the court room of the circuit court of the fourth judicial circuit, Territory of Hawaii, at Hilo, Hawaii, on Wednesday, the 2nd day of January, 1924, at 10 o'clock a. m., then and there to be examined orally under oath as to the disclosure heretofore filed by you as garnishee in the above entitled court and cause.'

"On January 2nd, 1924, said George W. Willfong, by J. W. Russell, his attorney, filed in this court and cause a motion to set aside and quash the said notice to appear for oral examination, which motion is in words and figures as follows, to wit:

" 'Comes now George Willfong, the above named garnishee, by J. W. Russell, his attorney, and hereby moves that the notice to appear and be examined, served upon him and upon his attorney on Dec. 29th, 1923, be set aside and quashed and be declared as of no force and effect, upon the following grounds to wit:

'1.  That this court is without jurisdiction in this cause to hear or entertain the examination referred to in said notice.

'2.  That the said garnishee has been discharged as such garnishee.

'3.  That the disclosure filed by the said garnishee is conclusive upon the plaintiff herein.

'4.  That the above entitled cause has been terminated.

'5.  That the said notice was not served on the said garnishee before the conclusion of the trial of the above entitled cause.

'This motion is based upon the records of this cause and the proceedings had herein.'

"On January 4th, 1924, when said motion to quash came before this court for consideration and determination the said plaintiff, by motion made in open court by its attorney, moved this court that the questions of law arising out of and through said notice to appear for oral examination and said motion to quash be reserved by this

court for the consideration of the supreme court, and the said George W. Willfong, by J. W. Russell, his attorney, consenting thereto, and this court being in doubt as to the proper answers to the questions involved, as hereinabove stated, now reserves for the consideration of the honorable the supreme court of the Territory of Hawaii, the following questions, namely:

"1. Is this court, by reason of the fact that judgment has been entered and filed herein in favor of said plaintiff and against said principal defendant now without jurisdiction to hear and conduct the examination referred to in said notice?

"2. Has George W. Willfong, the above named garnishee, under the facts herein stated and under the decision of the supreme court in the above entitled case (Supreme Court No. 1487) been discharged as such garnishee?

"3. Is the said sworn disclosure filed herein by said George W. Willfong conclusive on the plaintiff under the facts hereinabove stated?

"4. Did the entry of judgment in this court and cause in favor of said plaintiff and against the said defendant constitute such a final termination of the said cause as to preclude the plaintiff from having the oral examination of the garnishee pursuant to said notice and pursuant to Section 1 of Act 157 Session Laws of 1919?

"5. Did the entry of judgment in favor of the plaintiff and against the defendant, as hereinabove set forth, constitute the 'conclusion of the trial' within the meaning of that expression as used in Section 2801, R. L. H. 1915, as finally amended by Section 1 of Act 157 Session Laws of 1919?"

The opinion of this court sustaining the garnishee's exception to the decision of the trial court of January 29, 1923, is to be found *supra* at page 651.

The provisions of chapter 157, R. L. 1915, upon garnishment generally, divide themselves logically into two groups, namely, those that apply to garnishee process at the commencement of the action and those that apply to garnishee process after judgment. And so the chapter

was divided by the compilers of the 1915 revision under appropriate subtitles: "At Commencement of Action" and "After Judgment," respectively. Section 2801, R. L. 1915, as amended by Act 157, S. L. 1919, Sec. 1, provides for garnishee process at the instance of a creditor at the time of bringing his action. The succeeding sections, to and including section 2806, define the respective rights and duties of the creditor and garnishee resulting from the service of process in accordance with the provisions of section 2801 as amended. On the other hand section 2807 as amended by Act 10, S. L. 1915, provides for garnishment process after judgment at the instance of a judgment creditor. The succeeding sections, to and including section 2811, define the respective rights and duties of the judgment creditor and garnishee resulting from the service of process permitted by section 2807. Section 2801 as amended provides: "When * * * any debt is due from any person to a debtor * * * any creditor may bring his action against such debtor, and in his petition for process may request the court to insert therein a direction to the officer serving the same to leave a true and attested copy thereof with * * * such person from whom such debt is owing * * * and to summon such * * * person to appear personally upon the day or term mentioned and appointed in said process for hearing said action and then and there on oath to disclose * * * and such notice shall be sufficient notice to the defendant to enable the plaintiff to bring his action to trial * * *." Section 2807 as amended provides: "It shall be lawful for any creditor who has obtained a judgment in any court to apply to the court or a judge thereof for a rule, order or summons that the judgment debtor shall be orally examined before a judge of such court * * * as to any and what * * * debts are owing to him." Judgment marks the line of demarcation in the application of the two groups

of statutory provisions pertaining to garnishment.    This is further indicated by the provisions of section 2801 as amended prescribing the procedure for examination of the garnishee.    After providing that the garnishee may at his option appear personally or file a return on or before the return day of process the section provides:    "The filing of such return shall be deemed prima facie a compliance with the summons, provided, that at any time thereafter before the conclusion of the trial of such action either party thereto may upon written notice served upon the garnishee require such garnishee to appear and be examined orally under oath as to such disclosure or as to his liability as such garnishee."    It is conceivable that the trial of an action may be concluded prior to final judgment upon the merits in favor of either of the parties. But it is inconceivable that the trial may remain unconcluded after entry of such final judgment.    The "trial" referred to in section 2801 as amended refers to the trial of the action between the creditor and the debtor.    (*Bank of Hawaii* v. *Parke,* 15 Haw. 645, 646.)    Judgment in the instant case had been entered in favor of the creditor and against the debtor (plaintiff and defendant, respectively). Upon remittitur the status of the case as between them was exactly the same as it existed prior to appeal.    The reasons assigned by this court for sustaining the garnishee's exceptions to the court's decision left no alternative upon remittitur but to vacate that portion of the judgment that held the garnishee and to order his discharge forthwith.    The judgment as between plaintiff and defendant remained undisturbed.    The trial of the action within the meaning of section 2801 as amended had been concluded upon the entry of final judgment and the only method by which Mr. Willfong could again be brought in as a garnishee in the action was by the procedure prescribed for garnishment after judgment.

Syllabus.

Each of the reserved questions is answered in the affirmative.

*C. F. Parsons* for plaintiff filed a brief but did not argue.

*J. W. Russell* (also on the brief) for the garnishee.