**In re AMERICAN RESOURCES, LIMITED, Debtor.**

**Bankruptcy No. 85–00325.**

United States Bankruptcy Court, D. Hawaii.

Aug. 19, 1985.

R. Patrick Jaress, Honolulu, Hawaii, for Pacific Loan.

Boyce R. Brown, Jr., Honolulu, Hawaii, for debtor American Resources, Ltd.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING APPOINTMENT OF TRUSTEE

JON J. CHINEN, Bankruptcy Judge.

The motion of Pacific Loan, Inc. ("Pacific Loan") for appointment of trustee and the Joinder of Thrift Guaranty Corporation of Hawaii ("Thrift Guaranty") in said Application came on for hearing on July 29, 1985, before this Court. Pacific Loan was represented by R. Patrick Jaress, Esq. and Debtor American Resources, Limited ("ARL") was represented by Boyce Brown. At the hearing, Pacific Loan introduced into evidence various supporting documents. ARL offered no evidence, and the management of the debtor-in-possession, Carl F. Bernhardt, did not appear. ARL offered only the argument of counsel, unsubstantiated by affidavit or testimony or exhibits.

At the hearing, creditors Commercial Finance, Ltd., American Funding Company, and First Hawaiian Leasing each orally joined in the Application. No creditor opposed the Application.

Based upon the evidence adduced at the hearing and the record in this case, this Court enters the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. The voluntary petition for Chapter 11 Reorganization of ARL was filed herein on July 15, 1985. Carl F. Bernhardt ("Bernhardt"), is the president of Debtor which remains as debtor-in-possession.

2. By motion filed July 18, 1985, Pacific Loan, a creditor in this case, moved for appointment of a trustee to replace Bernhardt as management of Debtor. By Joinder filed July 26, 1985, Thrift Guaranty joined in the Application. Proper notice of said Application and Joinder was given to all parties in interest.

3. ARL is the third company managed by Bernhardt to file Voluntary Petitions for Chapter 11 Reorganization. Eagle River Development Corporation (through its president Bernhardt) filed on November 30, 1984 in the Bankruptcy Court for Alaska (Case No. 3x–84–00289). *Development, Inc.*, whose vice president is Bernhardt, filed on July 18, 1983 in this Court (Case No. 83–00345).

4. In each of the three bankrupt companies, Bernhardt shared or shares management responsibilities with Michael F. McCarthy ("McCarthy"). McCarthy was vice president of Debtor American Resources, Ltd. ("ARL") at least through November 2, 1984. McCarthy is vice president of Eagle River Development Corporation ("ERDC") and president of Development, Inc. ("DI").

5. Both Bernhardt and McCarthy each are currently under federal criminal indictment for conspiracy, for mail fraud, and for wire fraud.

6. The criminal indictment alleges, among other things, that while under Bernhardt and McCarthy management, ARL received more than $2.5 million in illegal loan proceeds and DI received more than $1.47 million in illegal loan proceeds. The criminal indictment also alleges that McCarthy personally received more than $2.345 million in illegal loan proceeds, and Velzeyland properties (a limited partnership in which ARL is the general partner) received more than $3 million in illegal loan proceeds.

7. The Bank Examiner for the State of Hawaii has concluded that while under Bernhardt and McCarthy management, ARL participated in a practice of "window dressing" which is "highly misleading" to the public. According to the State Bank Examiner, this was accomplished by ARL and others, causing substantial deposits to be made in Pacific Loan just prior to publication of Pacific Loan's financial statement, coupled with prompt withdrawal of these funds by ARL and others, after publication of the financial statement.

8. In a pending federal civil case (No. 82–0292) involving Pacific Loan, Bernhardt, McCarthy, ARL, ERDC, DI, Velzeyland and others, the Federal District Court for the District of Hawaii has enjoined Bernhardt, McCarthy, ARL, ERDC, DI and Velzeyland from encumbering or disposing of any assets with an aggregate fair market value of $20,000.00 or more until and unless certain conditions are first satisfied.

9. The District Court issued the injunction after finding that Pacific Loan had established a likelihood of success in proving that as to the companies over which Bernhardt and McCarthy have supervision, "the assets of those companies have melted away and not by the ordinary attrition;" and further that Bernhardt and McCarthy "have operated in a manner which was in their own personal benefit and not for the benefit of the [companies] over which they had control, and certainly not [for the benefit of] those who had done business with them while they were operating such [companies]."

10. The District Court also found on November 5, 1984, that ARL and Velzeyland both were signators to an illegal agreement which purported to release ARL and Velzeyland from repayment of over $5 million owed to Pacific Loan, and further purported to release certain collateral

which secured the more than $5 million in loans.

11. This Court takes judicial notice (pursuant to Rule 201 of the Federal Rules of Evidence) of the fact that final judgment on Pacific Loan's counterclaim against ARL and Velzeyland was entered in Civil No. 82–0292 on April 16, 1985. The amount of Pacific Loan's judgment against ARL is $1,884,778.86, together with interest after March 25, 1981, at the rate of $687.02 per day until April 16, 1985, and thereafter at the rate of 10 percent per annum. The amount of Pacific Loan's judgment against Velzeyland (a limited partnership in which ARL is the general partner) is $3,377,195.15, together with interest after March 25, 1981, at the rate of $1,232.87 per day until April 16, 1985, and thereafter at the rate of 10 percent per annum.

### CONCLUSIONS OF LAW

1. 11 U.S.C. § 1104(a)(1) provides that a trustee shall be appointed:

(1) For cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause.

Debtor ARL argues that the creditors have alleged but not proven that cause exists for appointment of a trustee under 11 U.S.C. section 1104(a)(1).

2. However, the evidence establishes that independent inquiry by the federal grand jury, the State Bank Examiner, and the Federal District Court, has each found substantial basis in the facts to support the concerns expressed by the creditors who seek appointment of a trustee. The undisputed conclusions and findings of these different independent examinations constitute sufficient showing of cause under 11 U.S.C. § 1104(a)(1), and rise well beyond mere naked allegations of fraud. *Cf. In re Bel Air Associates, Ltd.*, 4 B.R. 168, 175 (Bankr.Okl.1980).

3. To engage in illegal loans and to participate in "window dressing" involve fraud, dishonesty or gross mismanagement of the affairs of Debtor by the current management. And, where management operate a company for their "own personal benefit and not for the benefit of the (companies) over which they had control," that management should be replaced.

4. In addition, the uncontradicted findings of the State Bank Examiner and the findings and rulings of the Federal District Court raise serious and substantial questions as to the financial and managerial credibility of Debtor's present management. Similarly, the fact that this is the third bankrupt company to be managed by Bernhardt again raises serious questions as to Bernhardt's management capability and credibility.

5. Thus this Court finds that cause exists for appointment of a trustee under 11 U.S.C. § 1104(a)(1).

6. This Court further concludes that appointment of an examiner instead of a trustee is not warranted because the facts and evidence have been examined and investigated previously by the federal grand jury, the State Bank Examiner, and the Federal District Court. Nothing would be gained by yet another inquiry, and a trustee rather than an examiner is now required.

An Order will be signed upon presentment.