## FANNIE ZEAVE *v.* NATHAN ZEAVE.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED MARCH 29, 1906.                    DECIDED APRIL 30, 1906.

### FREAR, C.J., HARTWELL AND WILDER, JJ.

DIVORCE—*notice to libelee without the Territory.*

> In order to obtain jurisdiction over the libelee in a divorce case by personal notice to him without the Territory, under R. L., Sec. 2231, he should be notified, among other things, when to appear. It is not sufficient for a private person to leave with him in the foreign state a copy of the libel and of a summons in the usual form for personal service by an officer within the Territory.

APPEARANCE AFTER DECREE—*when general.*

> An appearance after decree to move to open the default and set aside the decree on the grounds of excusable inadvertence and want of jurisdiction and for leave to answer and present a defense is a general appearance, rendering unnecessary further service or notice in order to obtain jurisdiction over the libelee.

### OPINION OF THE COURT BY FREAR, C. J.

This is an appeal from the denial of a motion to set aside a decree of divorce and permit the libelee to answer and present his defense, he having made no appearance before the hearing and decree. The motion was based upon the grounds (1) that the libelee's counsel, without fault on the part of the libelee, failed to answer by reason of excusable inadvertence, and (2) that the trial judge was without jurisdiction for want of compliance with the statutory requirements as to service upon

the libelee. In our opinion the first ground is untenable but the motion should have been granted on the second ground.

The libel was filed February 21, 1905, and contained an allegation that according to the best knowledge and belief of the libelant the libelee was then residing at San Francisco, California. Summons in the usual form was made out and attached to the libel but was not issued to any of the officers to whom it was directed. On April 11, 1905, an affidavit by one Thomas M. O'Connor was filed to the effect that on March 16, 1905, at San Francisco, he served the libel and attached summons upon the libelee; and on the same day, after a hearing, a divorce was decreed, the judge finding, among other things, that the libelee was duly served with a certified copy of the libel on March 16, 1905, at San Francisco.

The statute (R. L., Secs. 2230, 2231) provides four methods of obtaining jurisdiction over the libelee, namely, by personal service of summons in the usual method if he is within the Territory, by personal notice if he is without the Territory, by voluntary appearance, and by publication if his address or residence cannot be ascertained for six months. In this case the only method attempted was the second—by personal notice without the Territory. It is true that preliminary steps were taken, by making out and attaching a summons in the usual form, to obtain jurisdiction by the first method, but the necessary remaining steps were not taken, and apparently the preliminary steps under the first method were taken only for the purpose of helping out the second method by having something to indicate a return day and other matters of which it was necessary to give the libelee notice under the second method. But this cannot aid the libelant. The summons that was made out and attached to the libel was, as already stated, in the usual form for service by a Territorial officer within the Territory, commanding the officer to summon the libelee to appear ten days after service if he resided on the Island of Oahu, otherwise twenty days after service, and to have then and there the writ with full return of his proceedings thereon. It was not delivered to any officer to whom it was directed and of course was

not served or returned by an officer, and the twenty days after service referred to in the writ had reference to service by an officer within the Territory. It was not directed to the libelee nor was it issued under an order of the court. Leaving a copy of the summons with the libelee merely gave him knowledge as to when he would be obliged to appear if he had been duly served within the Territory. It did not give him notice as to when he should appear under the existing circumstances. It may be noted in passing that there is no authority for making the return day ten days after service in divorce cases when the respondent resides on the island of Oahu as there is in certain other classes of cases. Omitting the form of summons as having no application in the case of personal notice without the Territory, there remains only the libel itself, notice of which, if of anything, was given to the libelee, and a copy of which alone the trial judge found had been served on the libelee, but that indicated nothing whatever as to when the libelee should appear. The statute also is silent as to when a libelee should appear in case of personal notice without the Territory. The libelee, therefore, did not have notice as to when he should appear and his motion to set aside the decree and permit him to make his defense should have been granted.

It is unnecessary to say whether an issuance of summons and a return of "not found" is a prerequisite to pursuing the method of personal notice without the Territory or whether the decree was absolutely void so as to be subject to collateral attack. Until these sections of the statute, which appear to be defective and ambiguous in several respects, are amended the safest course would seem to be, in case jurisdiction is sought to be obtained by personal notice without the Territory, first to have summons issued in the usual manner and then if it is returned "not found" to obtain, upon a proper showing, an order setting forth the requisite particulars for personal notice without the Territory. Doubtless no further service or notice will be required in this case in order to obtain jurisdiction over the libelee, for he has made a general appearance. He moved not only to open the default and vacate the decree but also for

permission to answer and present his defense on the merits and subsequently took this appeal. Moreover, he did not appear specially in form and the motion was not based solely upon a want of jurisdiction.

The order denying the motion is reversed and the cause remanded to the circuit judge with directions to grant the motion.

*E. A. Douthitt* for libelant.

*J. J. Dunne* for libelee.