**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000283
21-MAR-2022
01:24 PM
Dkt. 159 SO**

NO. CAAP-21-0000283

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF JB

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 17-00089)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and McCullen, JJ.)

Appellant Mother (**Mother**) and Cross-Appellant Father (**Father**) appeal from the Family Court of the First Circuit's (**Family Court**) April 5, 2021 Order Terminating Parental Rights.[1]

On appeal, Mother challenges Findings of Fact (**FOF**) 47, 53, 59, 65, 82, 83, 88, 99 to 108, 110 to 112, 115 to 117, and 119, and Conclusions of Law (**COL**) 9, 10, and 12. Mother also claims: (1) there was no clear and convincing evidence to warrant termination of her parental rights, (2) DHS did not make a reasonable effort to reunify the family, (3) she was denied her right to choice of counsel in violation of her due process rights, (4) she was denied the right to confront witnesses against her by being denied a continuance to appear in person, (5) she was denied the right to a fair hearing when she could not

---

[1] The Honorable Andrew T. Park presided.

effectively assist her counsel in her own defense as she was ordered to appear virtually, (6) the Family Court abused its discretion by denying her counsel's motion to withdraw, (7) the Family Court abused its discretion by allowing trial to commence with Mother proceeding pro se without first making a finding that Mother intelligently, knowingly, and voluntarily agreed to proceed pro se, (8) the Family Court abused its discretion by denying Mother's running objection to the presence of resource caregivers (**RCGs**) and their counsel during trial, in violation of Hawaii Revised Statutes (**HRS**) § 587A-14(d) (2018)[2] and Mother's HIPAA rights because she did not consent to disclosure of her medical information to the resource caregivers through the testimony of her therapist, and (9) she is entitled to relief based upon her objection "in so much as it affected Mother's right that Father's default was not set aside and he was not allowed to participate in his own termination of parental rights trial," and Mother joins and incorporates Father's arguments and points of error on appeal.

Father challenges FOFs 47, 88, 99, 100, and 101, and claims (1) the Motion to Terminate Parental Rights was not served upon him in accordance with Hawaiʻi Family Court Rules (**HFCR**) Rule 5(a)[3] because it asserted a new or additional claim for

---

[2] HRS § 587A-14(d) provides that "[t]he child's current resource family is entitled to participate in the proceedings to provide information to the court, either in person or in writing, concerning the current status of the child in their care."

[3] HFCR Rule 5(a) requires every pleading subsequent to the original complaint unless otherwise ordered by the court, as well as every written motion, "shall be served upon each of the parties, but no service need be made on parties in default for failure to appear, except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4 of these rules."

relief for termination of his parental rights whereas the Petition for Temporary Foster Custody only sought temporary foster custody, (2) the Motion to Terminate Parental Rights was not served in accordance with HRS § 571-61(b)(3) (2018),[4] and (3) the Family Court erred by discharging his attorney on April 17, 2018, prior to the termination of his parental rights, citing In re J.M., 150 Hawaiʻi 125, 497 P.3d 140 (App. 2021).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the issues raised as follows:

Father's third claim is dispositive. Counsel for Father was appointed at the outset of the case on May 16, 2017, but was discharged on April 17, 2018 after Father was defaulted for failing to appear. Counsel for Father was re-appointed on March 31, 2021 after Father initiated contact with the court.

However, it was structural error to discharge Father's counsel during these proceedings even though counsel was subsequently reappointed during the trial on the Motion to Terminate Parental Rights. In re J.M., 150 Hawaiʻi 125, 143, 497

---

[4] HRS § 571-61(b)(3) provides as follows:

In respect to any proceedings under paragraphs (1) and (2), the authority to terminate parental rights may be exercised by the court only when a verified petition, substantially in the form above prescribed, has been filed by some responsible adult person on behalf of the child in the family court of the circuit in which the parent resides or the child resides or was born and the court has conducted a hearing of the petition. A copy of the petition, together with notice of the time and place of the hearing thereof, shall be personally served at least twenty days prior to the hearing upon the parent whose rights are sought to be terminated. If personal service cannot be effected within the State, service of the notice may be made as provided in section 634-23 or 634-24.

P.3d 140, 158 (App. 2021) (holding that terminating Father's attorney during the proceeding violated his due process rights and was structural error),[5] In re J.H., 150 Hawaiʻi 402, 502 P.3d 1025, No. CAAP-21-0000316, 2022 WL 277658 at *3 (App. Jan. 31, 2022) (SDO)). As such, the Order Terminating Parental Rights should be vacated in its entirety. In re J.M., 150 Hawaiʻi at 143, 497 P.3d at 158 (explaining that although the mother's contentions were rejected, the "Order Terminating Parental Rights should be vacated in its entirety to ensure that the Family Court can consider all factors that might aid in determinating whether a particular permanent plan is in the best interest of the Children").

Regarding Father's claims 1 and 2, and assuming *arguendo* the Motion to Terminate Parental Rights was required to be served upon Father, Father waived the issue of lack of service. In In re Guardianship of Carlsmith, 113 Hawaiʻi 211, 226, 151 P.3d 692, 707 (2006), the court explained that "[t]he failure to raise the defense of insufficiency of process in a timely manner waives that defense" and that "the failure to raise such a defense is also waived if omitted from a motion in which it could have been included." Id. (citing HFCR Rules 12(b)(4) and (5), 12(g), and 12(h)).

When Father reappeared on April 1, 2021, which was the last day of trial on the Motion to Terminate Parental Rights several years after being defaulted, Father requested his default

---

[5] We note that in light of Mother and Father's previous arguments that this ruling does not constitute the beginning of a new "two-year period" to address the issues that led to the removal of the child from the family home. In re J.M., 150 Hawaiʻi at 143 n.10, 497 P.3d at 158 n.10.

be set aside, he be allowed a separate trial from Mother to present his own evidence, and specifically stated he was not asking to belatedly participate in the current trial. Father's motion to set aside the default was orally denied by the Family Court. It was not until Father filed a Motion for Reconsideration that he raised the issue of lack of service of the Motion to Terminate Parental Rights. Assuming service of the Motion to Terminate Parental Rights was required, Father failed to timely raise insufficient process. Therefore, it was waived. See also Young v. Chong, 24 Haw. 95, 96 (Terr. 1917), 1917 WL 1556 at *1 (where defendants appear generally they waive all objections as to summons); Zeave v. Zeave, 17 Haw. 463, 465-66 (Terr. 1906), 1906 WL 1320 at *2 (moving to open the default and asking permission to present a defense on the merits is a general appearance).

In light of our resolution of Father's third claim, we need not address Mother's claims 1 through 7 (alleging trial errors) and claim 9 (joining Father's arguments). But, because it may affect proceedings on remand, we address Mother's eighth claim contending that the Family Court erred by allowing the RCGs to participate beyond the scope proscribed by HRS § 587A-14(d) and they should not have been allowed to participate in the proceeding by observing the trial over her numerous objections.[6]

---

[6] Mother does not cite to where in the record she objected to the RCGs' participation. Contrary to her assertion that "no references are made to the part of the record where the points of error are preserved for appeal, as the types of error alleged do not require preservation," the Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4) requires the points of error to state "(ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency."

On November 27, 2019, the Family Court entered an Order Granting Resource Caregivers/Intervenor's Motion to be Made a Party to the Proceeding Pursuant to HRS § 587A-4 or, in the Alternative, for Leave to Intervene, and the RCGs were allowed to intervene after the Family Court determined it was in the best interest of JB. The Family Court initially placed no restriction on the RCGs participation in the proceeding, but subsequently limited their participation to observing the trial.

Intervenors admitted to a proceeding by a court are thereafter parties to the proceeding. <u>E & J Lounge Operating Co., Inc. v. Liquor Comm'n of City & Cty. of Honolulu</u>, 118 Hawaiʻi 320, 344-45, 189 P.3d 432, 456-57 (2008). HRS § 587A-4 (2018) defines a party:

> "Party" means an authorized agency; a child who is subject to a proceeding under this chapter; the child's parents and guardian ad litem; any other person who is alleged in the petition or who is subsequently found at any child protective proceeding to be encouraging, causing, or contributing to the acts or conditions that brought the child within the scope of this chapter; and <u>may include any other person, including the child's current foster parent or current resource family, if the court finds that such person's participation is in the best interest of the child; provided that the court may limit a party's right to participate in any child protective proceeding if the court deems such limitation of such party's participation to be consistent with the best interests of the child</u> and such party is not a family member who is required to be summoned pursuant to section 587A-13, except as otherwise provided in this chapter.

(Emphasis added.)

Thus, the Family Court may, and did, limit the RCGs participation to observing the trial. Mother does not challenge the RCGs' intervention and status as a party pursuant to HRS § 587A-4, which allows broader permission to participate than HRS § 587A-14(d). Therefore, the Family Court did not err by allowing the RCGs to observe the trial.

Mother also contends the presence of the RCGs at trial was a violation of her "HIPAA" rights because she did not consent to disclosure of her medical information through testimony of her therapist.  But, Mother fails to cite where in the record she objected to the presence of the RCGs at trial based on her "HIPAA" rights.  Mother fails to adequately specify what "HIPAA" is, and this court can only speculate that Mother refers to the Health Insurance Portability and Accountability Act of 1996.[7]

Mother also did not cite any language in HIPAA in support of her claim.  And, Mother did not provide the name of her therapist or identify what testimony constituted "medical information."

Thus, Mother fails to make a discernable argument to support her contention, and this court is "not obliged to search the record to crystallize [Mother's] arguments," or "sift through the voluminous record to verify an appellant's inadequately documented contentions."  Laeroc Wakiki Parkside, LLC v. KSK (Oahu) Ltd. P'ship, 115 Hawaiʻi 201, 217 n.19, 166 P.3d 961, 977 n.19 (2007); Lanai Co., Inc. v. Land Use Comm'n, 105 Hawaiʻi 296, 309 n.31, 97 P.3d 372, 385 n.31 (2004).

For the foregoing reasons, we vacate the Family Court's April 5, 2021 Order Terminating Parental Rights, and remand this

---

[7]  In Cohan v. Ayabe, 132 Hawaiʻi 408, 411, 322 P.3d 948, 951 (2014), the court referenced the Health Insurance Portability and Accountability Act of 1996 as "HIPAA."

case for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, March 21, 2022.

On the briefs:

Crystal M. Asano,
for Mother-Appellant.

Herbert Y. Hamada,
for Father-Cross-Appellant.

Francis T. O'Brien,
for RCGs-Intervenors-
Appellees.

Kellie M. Kersten
Julio C. Herrera,
Deputy Attorneys General,
for Petitioner-Appellee,
Department of Human Services.

Emily M. Hills,
for Guardian Ad Litem-
Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge